UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OUMAR LODIENE DIENE,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONS CENTER, et al.,

Respondents.

No. 1:26-cv-02047-DAD-SCR (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, AND GRANTING PETITION FOR WRIT OF HABEAS CORPUS

(Doc. Nos. 13, 14)

Petitioner Oumar Lodiene Diene is a former federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 24, 2026, the assigned magistrate judge issued findings and recommendations recommending that petitioner's petition for writ of habeas corpus (Doc. No. 1) be granted and respondents' motion to dismiss (Doc. No. 13) be denied. (Doc. No. 14.) Specifically, the magistrate judge adopted the undersigned's prior reasoning in its March 18, 2026 order granting petitioner preliminary injunctive relief (Doc. No. 10) and concluded that due process required a pre-deprivation hearing prior to petitioner's re-detention. (Doc. No. 14 at 1–2.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service. (*Id.* at 2.) On July 24,

2026, respondents filed their objections to the pending findings and recommendations. (Doc. No. 15.)

In their objections, respondents largely reiterate the argument advanced in their motion to dismiss arguing that this action is moot because petitioner has been released. (*Id.* at 2–4.) As this court has previously explained regarding a similar motion to dismiss, "the appropriate remedy here includes an injunction on the actions of those who may execute any future re-detention of petitioner." *Atal v. Sec'y of the U.S. Dep't of Homeland Sec.*, No. 1:26-cv-01945-DAD-SCR (HC), 2026 WL 1110268, at *1–2 (E.D. Cal. Apr. 24, 2026). "Because the Court is authorized to grant the additional relief Petitioner seeks, his release did not render this action moot." *Doe v. Semaia*, No. 5:26-cv-03092-MRA-MBK, 2026 WL 1896123, at *1 (C.D. Cal. June 30, 2026). Respondents also object to the use of the term "exigent circumstances" in the proposed injunctive relief because it is a "generalized label[.]" (Doc. No. 15 at 2–3.) Respondents provide no legal authority for this argument and, in light of its conclusory nature, the court rejects it. Accordingly, the court concludes that respondents' objections do not provide a basis upon which to reject the pending findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

For the reasons above,

1. The findings and recommendations issued on July 24, 2026 (Doc. No. 14) are ADOPTED IN FULL;
2. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondents are ENJOINED and RESTRAINED from re-detaining petitioner unless it provides petitioner with notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden of demonstrating that petitioner poses a flight risk or danger to the community by clear and convincing evidence;

3. Respondents' motion to dismiss (Doc. No. 13) is DENIED; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 26, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE